IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HARRIS, Individually, and on behalf of others similarly situated. <br><br> Plaintiff, <br><br> v. <br><br> NPC INTERNATIONAL, INC. <br><br> Defendant. | NO. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff William Harris, individually, and on behalf of all others similarly situated, for their Complaint against NPC International, Inc. ("NPC"), alleges as follows:

**I.**

**INTRODUCTION**

1. This lawsuit is brought against NPC International ("NPC") as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid wages, minimum wages, and overtime wages for Plaintiff and other similarly situated employees who are members of a class as defined herein and currently or previously employed by NPC.

## II.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff is a resident of this district, and NPC has conducted business and continuously engaged in the wrongful conduct alleged herein in this district.

## III.

## CLASS DESCRIPTION

4. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former cooks of NPC employed in the United States who work or have worked at NPC's Pizza Hut Restaurants at any time during the applicable limitations period covered by this Complaint (*i.e.* two years for FLSA violations and three years for willful FLSA violations), up to and including the date of final judgment in this matter and who are named Plaintiffs or elect to opt-in to this action under the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV.

## PARTIES

5. NPC is a Kansas Corporation with its principal executive office located in Overland Park, Kansas.

6. Plaintiff William Harris has been employed by NPC as an hourly-paid cook in NPC's Bolivar, Tennessee; Henderson, Tennessee; and Jackson, Tennessee restaurants during the past three years.  Plaintiff Harris' Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

## IV.

## ALLEGATIONS

7. NPC owns and operates Pizza Hut restaurants in numerous states across the country, including:  Alabama, Arkansas, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Minnesota, Mississippi, Missouri, North Carolina, North Dakota, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, and West Virginia.

8. The primary function of these Pizza Hut restaurants is to sell pizza and other food items to customers, whether they dine in the restaurants, carry-out the food, or have it delivered to customers.

9. NPC is and/or has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d).

10. NPC employed Plaintiff (and those similarly situated) and was responsible for setting pay and overtime rates, including overtime pay during the period of time in question.

11. The decisions regarding Plaintiff's (and other members of the class's) compensation and other terms of employment were made through a centralized management of NPC's Headquarters location in Overland Park, Kansas.

12. NPC has had a uniform policy and practice of incentivizing General Managers of its individual restaurants (as well as its Area Managers) to encourage, permit, and/or require

employees such as Plaintiff (and those similarly situated) to perform "off the clock" work, as well as to undergo training and attend meetings "off the clock," in order to meet its tickets per labor hour ("TPLH") standard.

13. NPC has had a uniform policy and practice of requiring its General Managers as well as cooks (such as the Plaintiff and those similarly situated) to meet its tickets per labor hour standard as a performance condition.

14. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of NPC as defined by Section 203(e)(1) of the FLSA and worked for NPC within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

15. At all times material to this action, NPC has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

16. At all times material to this action, NPC has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

17. At all times material to this action, NPC has had a uniform job training program that cooks must undergo and successfully complete as a condition of being employed as a cook.

18. At all times material to this action, NPC has had a uniform mandatory monthly meetings program that required the attendance of all cooks.

19. Each of NPC's Pizza Hut restaurants employs hourly-paid cooks whose primary duties are to prepare and cook pizza and other food items.

20. Plaintiff and all other similarly situated persons are current or former employees of NPC.

21. NPC employs a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

22. Cooks are paid only for the hours recorded on the uniform electronic time keeping system.

23. Pursuant to NPC's uniform policies and practices, Plaintiff and other members of the class have been encouraged, permitted, and/or required to perform prescribed duties before, after, and during their regular shifts without being clocked into NPC's electronic timekeeping system.

24. As a result of Plaintiff and other members of the class performing prescribed duties before, after, and during their shifts without being clocked-in to NPC's electronic timekeeping system, NPC's timekeeping records do not reflect the total hours worked by Plaintiff and other members of the class.

25. Also, as a consequence of NPC's timekeeping records not reflecting actual hours worked, when their "off the clock" work time is added to their recorded time, Plaintiff and other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such work time.

26. In addition, and as a consequence of NPC's timekeeping records not reflecting the actual hours worked by Plaintiff and other members of the class, when their "off the clock" work time is added to their recorded time, Plaintiff and other members of the class who have been paid less than the applicable minimum wage rate required by Fair Labor Standards Act are entitled to receive minimum wages for such work time.

27. The net effect of NPC's policy and practice of encouraging, condoning, suffering, permitting, and/or requiring Plaintiff and other members of the class to perform work before, after, and during their shifts without being clocked-in to NPC's electronic timekeeping system is that NPC willfully failed to pay Plaintiff and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes. NPC thereby enjoys ill-gained profits at the expense of its employees.

28. In addition to the above described "off the clock" work time being unpaid pursuant to NPC's uniform policies and practices, Plaintiff and other members of the class were required to undergo and successfully complete NPC's cook's training for which training time was not recorded on NPC's electronic timekeeping system and was thus unpaid.

29. As a result of the required job training time not being recorded on NPC's electronic timekeeping system, NPC's timekeeping records do not reflect the total hours worked by Plaintiff and other members of the class.

30. Also, as a consequence of NPC's timekeeping records not reflecting actual hours worked, when the unpaid training time is added to their recorded time, Plaintiff and other members of the class who have worked in excess of forty hours per week are entitled to overtime compensation for such training time.

31. In addition, and as a consequence of NPC's timekeeping records not reflecting actual hours worked, when the unpaid training time is added to their recorded time, Plaintiff and other members of the class who, as a result, have been paid less than the applicable minimum wage required by the FLSA, are entitled to receive minimum wages for such training time.

32. The net effect of NPC's policy of requiring Plaintiff and other members of the class to undergo and successfully complete cook's job training without being paid is that NPC willfully failed to pay Plaintiff and other members of the class for all straight-time work, minimum wage, and overtime compensation in order to save payroll costs and payroll taxes. NPC thereby enjoys ill-gained profits at the expense of its employees.

33. In addition to the above described "off the clock" work time being unrecorded and unpaid and the required training time being unrecorded and unpaid pursuant to NPC's uniform policies and practices, NPC required Plaintiff and other members of the class to attend mandatory monthly meetings without the time for such meetings being recorded on its electronic timekeeping system.

34. As a result of such meetings time not being reflected on NPC's electronic timekeeping system, NPC's timekeeping records do not reflect the total hours for which Plaintiff and the other members of the class are entitled to be compensated.

35. Also, as a consequence of NPC's timekeeping records not reflecting actual hours to be compensated, when the unpaid meetings time is added to their recorded time, Plaintiff and the other members of the class who have worked in excess of forty hours per week are entitled to receive overtime compensation for such meeting time.

36. In addition, and as a consequence of NPC's timekeeping records not reflecting actual hours to be compensated, when the unpaid meetings time is added to their recorded time, Plaintiff and other members of the class who, as a result, have received less than minimum wage, are entitled to receive minimum wages for all such meetings time.

37. The net effect of NPC's uniform policies and practices of requiring unpaid attendance at mandatory monthly meetings is that NPC has willfully failed to pay Plaintiffs and other

        members of the class for all straight work time, minimum wage, and overtime compensation in order to save payroll costs and payroll taxes. NPC therefore enjoys ill-gained profits at the expense of the employee

38. Although at this stage Plaintiff is unable to state the exact amount of damages owed to the class, Plaintiff believes such information will become available during the course of discovery. But when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## V.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself and the class as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b).

40. The claims under the Fair Labor Standards Act may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

41. The other members of the class are so numerous that joinder of all members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and can only be ascertained through applicable discovery, Plaintiff believes there are at least thousands of individuals in the class.

42. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for NPC at its Pizza Hut restaurants and were subject to the same operational, compensation, and timekeeping policies and practices — including not being paid for all hours worked.

43. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Plaintiff and other members of the class were expected and/or required to work hours without compensation;

    - Whether NPC suffered and permitted Plaintiff and other members of the class to work hours without compensation;

    - Whether NPC failed to pay Plaintiff and other members of the class all applicable straight-time wages for all hours worked;

    - Whether NPC failed to pay Plaintiff and the other members of the class the applicable minimum wage for all hours worked;

    - Whether NPC failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

    - The correct statutes of limitations for Plaintiff's claims and the claims of the other members of the class;

    - Whether Plaintiff and other members of the class are entitled to damages, including, but not limited to, liquidated damages, as well as the measure of damages; and,

    - Whether Defendant is liable for interest, attorneys' interest, fees, and costs.

44. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and has retained competent counsel who are experienced in collective action litigation.

45. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual class members in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making

it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

46. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by NPC.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – UNPAID WAGES

47. Plaintiff, on behalf of himself and the class, repeats and realleges Paragraphs 1 through 46 above as if they were fully set forth herein.

48. At all relevant times, NPC has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, NPC employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

50. At all times relevant, NPC had a uniform policy and practice of willfully refusing to pay Plaintiff and other members of the class for all hours worked.

51. As a result of NPC's willful failure to compensate Plaintiff and other members of the class the applicable federal minimum wages for all hours worked, NPC has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq*.

52. NPC's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. Due to NPC's FLSA violations, Plaintiff and the other members of the class are entitled to recover from NPC compensation for unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

54. Plaintiff, on behalf of himself and other members of the class, repeats and realleges Paragraphs 1 through 53 above as if they were set forth herein.

55. At all times relevant herein, NPC has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. At all times relevant herein, NPC employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

57. At all times relevant herein, NPC had a uniform policy and practice of willfully refusing to pay Plaintiff and other members of class appropriate overtime compensation for all hours worked in excess of forty hours per week by Plaintiff and each of the other members of the class.

58. As a result of NPC's willful failure to compensate Plaintiff and the other members of the class the applicable federal minimum wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, NPC has violated and continues to violate the FLSA, 29 U.S.C. § 255(a).

59. Due to NPC's FLSA violations, Plaintiff, and the other members of the class are entitled to recover from NPC compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action under the FLSA, 29 U.S.C. § 216(b).

## COUNT III
## FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE

60. Plaintiff, on behalf of himself and the other members of the class, repeats and realleges Paragraphs 1 through 59 above as if they were fully set forth herein.

61. At all times relevant herein, NPC has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

62. Pursuant to NPC's uniform compensation policies, NPC has failed to pay Plaintiffs and other members of the class the applicable minimum wage rates as required by the FLSA.

63. Because of NPC's failure to pay Plaintiff and other members of the class for all hours worked, Plaintiff and other members of the class have not received wages equal to or in excess of the applicable minimum wage as required by the FLSA for all hours worked.

64. NPC's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff and the other members of the class are therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA, plus applicable overtime

compensation, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually and/or on behalf of himself and all other similarly situated other members of the class, request this Court to grant the following relief against NPC:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. §216(b), apprising other members of the class of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid wages to Plaintiff and other members of the class;

C. On Count II, an award of compensation for unpaid overtime to Plaintiff and the other members of the class;

D. On Count III, an award of compensation for unpaid minimum wages to Plaintiff and other member of the class at the applicable minimum wage rate as required by the FLSA;

E. On Counts I, II, and III, an award of liquidated damages to Plaintiff and other members of the class for the Defendant's willful violations of the FLSA;

F. On Counts I, II, and III, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

G.  On Counts I, II, and III, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class; and

H.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:  January  29 , 2013

Respectfully Submitted,

s/ Gordon E. Jackson.
Gordon E. Jackson (#8323)
James L. Holt, Jr. (#12123)
Timothy A. Perkins (#024657)
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
ATTORNEYS FOR PLAINTIFF
*gjackson@jsyc.com*