# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM HARRIS,** *individually and on behalf of others similarly situated,* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Case No. 1:13-cv-01033-JDB-egb** ) |
| **NPC INTERNATIONAL, INC.,** | ) **Judge J. Daniel Breen** ) |
| Defendant. | ) **Magistrate Judge Edward G. Bryant** ) ) |

## DEFENDANT'S EMERGENCY MOTION TO STAY MAGISTRATE JUDGE'S ORDER

Defendant NPC International, Inc. ("NPC") moves to stay Magistrate Judge Bryant's May 18, 2016 Order (D.E. # 160) until after Chief Judge Breen resolves NPC's objections to that Order.

### A.  Background

Plaintiffs seek conditional certification of a nationwide class under the Fair Labor Standards Act. NPC served Plaintiffs with written discovery seeking information relevant to the issue of whether conditional certification is appropriate. Thereafter, on November 9, 2015, Plaintiffs filed a Renewed Motion for Protective Order seeking to be excused from responding to NPC's discovery before the Court's decision on conditional certification. D.E. # 138. NPC opposed that motion.

Recognizing that NPC's response to any Motion for Conditional Certification is tied to the Court's final decision on the Motion for Protective Order, Chief Judge Breen has ordered:

> NPC's response [to Plaintiffs' Motion for Conditional Certification] shall be due 30 days after the last Plaintiff responds to its discovery requests or, in the event a protective order is granted, 30 days after the entry of such order.

D.E. # 110, at 2. Thus, NPC's deadline to respond to Plaintiffs' Renewed Motion for Conditional Certification is triggered by the Court's final ruling on Plaintiffs' Renewed Motion for Protective Order.

Chief Judge Breen referred Plaintiffs' Renewed Motion for Protective Order to Magistrate Judge Bryant for determination. D.E. # 144. His Order of Reference expressly stated that "[a]ny objections to the magistrate judge's order shall be made within fourteen days after service of the order, setting forth particularly those portions of the order objected to and the reasons for the objections. *See* Fed. R. Civ. P. 72." D.E. # 144. Thus, in accordance with Fed. R. Civ. P. 72(a), Chief Judge Breen's Order of Reference demonstrates that NPC has the unconditional right to file objections to any order issued by the Magistrate Judge on Plaintiffs' Renewed Motion for Protective Order.

### B.      The Magistrate Judge's May 18, 2016 Order should be stayed pending the District Court's final ruling on the Renewed Motion for Protective Order.

On May 18, 2016, Magistrate Judge Bryant granted Plaintiffs' Renewed Motion for Protective Order and ordered NPC "to respond to Plaintiff's Motion for Conditional Certification within thirty (30) days of entry of this Order." D.E. # 160, at 5. Thus, the Magistrate Judge has ordered NPC to respond to Plaintiffs' Renewed Motion for Conditional Certification without consideration of the fact that both Fed. R. Civ. P. 72(a) and Chief Judge Breen's Order of Reference permit NPC to file objections to the Magistrate Judge's Order within 14 days of its entry.

NPC desires to file such objections and maintains that it cannot properly respond to Plaintiffs' Renewed Motion for Conditional Certification without the benefit of Plaintiffs'

discovery responses. As Plaintiffs will likely be permitted to respond to NPC's objections, the District Court cannot rule on those objections in sufficient time for NPC to take that ruling into account when responding to the Renewed Motion for Conditional Certification.

Thus, NPC will be forced to respond to the Renewed Motion for Conditional Certification before a final ruling by Chief Judge Breen, without the benefit of discovery and without the benefit of final ruling on that issue. Should Chief Judge Breen rule in NPC's favor, NPC must then, apparently, file another response to the Renewed Motion for Conditional Certification after Plaintiffs have responded to NPC's discovery. Neither of these results advance the goals of Fed. R. Civ. P. 1: the just, speedy, and inexpensive determination of this action.

Importantly, even for non-dispositive motions (such as the Renewed Motion for Protective Order here), "the magistrate [judge] acts under the supervision of the district judges when he accepts a referral, and that authority for making final decisions remains at all times with the district judge." *Mathews v. Weber*, 423 U.S. 261, 269-70 (1976). The final decision on the Renewed Motion for Protective Order rests with Chief Judge Breen. Chief Judge Breen's final decision on that Motion should issue before NPC responds to the Renewed Motion for Conditional Certification because NPC's response is inextricably tied to the Court's final decision on the protective order.

As such, the Court should stay the Magistrate's Order and reiterate Chief Judge Breen's original missive that NPC's response to the Renewed Motion for Conditional Certification will be due 30 days after the last Plaintiff responds to its discovery requests or, in the event a protective order is granted, 30 days after the entry of such order by the District Judge.

DATED:  May 19, 2016 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Thomas L. Henderson
　　　　　　　　　　　　　　　　　　　　Thomas L. Henderson (TN BPR No. 11526)
　　　　　　　　　　　　　　　　　　　　Audrey M. Calkins (TN BPR No. 30093)
　　　　　　　　　　　　　　　　　　　　OGLETREE, DEAKINS, NASH,
　　　　　　　　　　　　　　　　　　　　 SMOAK & STEWART, P.C.
　　　　　　　　　　　　　　　　　　　　6410 Poplar Avenue, Suite 300
　　　　　　　　　　　　　　　　　　　　Memphis, TN 38119
　　　　　　　　　　　　　　　　　　　　Telephone:  (901) 767-6160
　　　　　　　　　　　　　　　　　　　　Facsimile:  (901) 767-7411
　　　　　　　　　　　　　　　　　　　　thomas.henderson@ogletreedeakins.com
　　　　　　　　　　　　　　　　　　　　audrey.calkins@ogletreedeakins.com

### CERTIFICATE OF CONSULTATION

I hereby certify that defense counsel conferred with counsel for Plaintiffs by email regarding this Motion, and Plaintiffs will oppose this Motion.

　　　　　　　　　　　　　　　　　　　　s/ Thomas L. Henderson

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

　　　　　　　　Gordon E. Jackson, Esq.
　　　　　　　　James L. Holt, Jr.
　　　　　　　　J. Russ Bryant
　　　　　　　　Paula Jackson
　　　　　　　　JACKSON SHIELDS YEISER & HOLT
　　　　　　　　262 German Oak Drive
　　　　　　　　Cordova, TN 38018

　　　　　　　　　　　　　　　　　　　　s/ Thomas L. Henderson