IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIAM HARRIS, individually
and on behalf of others similarly
situated,

    Plaintiff,

v.   No. 13-1033

NPC INTERNATIONAL, INC.,

    Defendant.

___

ORDER ADOPTING IN PART
THE MAGISTRATE JUDGE'S ORDER AND
GRANTING PLAINTIFFS' REQUESTED ALTERNATE RELIEF
___

Before the Court are the June 3, 2016 objections of Defendant, NPC, Inc., to the May 18, 2016 order of Magistrate Judge Edward G. Bryant, granting a protective order against individualized discovery. (Docket Entry ("D.E.") 164.) For the following reasons, the magistrate judge's order is ADOPTED in part and OVERRULED in part.

*I. BACKGROUND*

The procedural history and factual basis for this case, one of five Fair Labor Standards Act ("FLSA") cases,[1] is lengthy and has been thoroughly discussed by both the Sixth Circuit Court of Appeals and this Court. *See Gunn v. NPC Int'l, Inc.*, 625 F. App'x 261, 263 (6th Cir.

---

[1] *See Penley v. NPC Int'l*, No. 13-1031 (W.D. Tenn. filed Jan. 29, 2013) ("current and former shift managers"); *Harris v. NPC Int'l*, No. 13-1033 (W.D. Tenn. filed Jan. 29, 2013) ("current and former cooks"); *Gunn v. NPC Int'l*, No. 13-1035 (W.D. Tenn. filed Jan. 30, 2013) ("current and former tipped employees"); *Jowers v. NPC Int'l*, No. 13-1036 (W.D. Tenn. filed Jan. 30, 2013) ("current and former delivery drivers"); and *Redmond v. NPC Int'l*, No. 13-1037 (W.D. Tenn. filed Jan. 30, 2013) ("current and former customer service representatives").

2015); *Gunn v. NPC Int'l, Inc.*, No. 13-1035, 2014 WL 1224396 (W.D. Tenn. Mar. 24, 2014). For this reason, the Court's background discussion here is limited to facts directly related to the instant motion. On November 10, 2015, Plaintiffs, Tiffney Penley and Ashley Lewis, individually and on behalf of others similarly situated, requested the following relief: 1) a protective order against individualized discovery of all opt-in Plaintiffs, or in the alternative, for an order staying discovery until after the Court rules on Plaintiffs' second motion for conditional certification, and 2) that the Court limit discovery to a representative sampling once a class has been formed through the court-approved notice process. (D.E. 138.) Defendant opposed the motion (D.E. 145), and Plaintiffs replied (D.E. 149). On May 18, 2016, Judge Bryant, pursuant to an order of reference (D.E. 144), granted the protective order but denied without prejudice the request to limit the scope of discovery (D.E. 160). As he granted the Plaintiffs' primary requested relief, the stay of discovery was not considered.

The next day, Defendant moved for an emergency order to stay the magistrate judge's order pending review by this Court. (D.E. 162.) Moreover, it asserted that, pursuant to Court order (D.E. 110 at 2), NPC's response to the renewed motion for conditional certification should not be due until thirty days after either the response of the last Plaintiff to Defendant's discovery requests or the entry of an order addressing NPC's objections to the granting of the protective order. The Court granted the motion to stay to the extent that "compliance with the terms of an order subject to appeal or objection is [always implicitly] deferred until resolution of the objection or appeal." (D.E. 163 at 2.)

In accordance with Local Rule 72.1(g) and Rule 72(a) of the Federal Rules of Civil Procedure, Defendant filed written objections to the portion of the magistrate judge's order granting protection from individualized discovery on June 3. (D.E. 164.) NPC argues its

objections should be sustained because: 1) named Plaintiffs should be required to respond to Defendant's discovery requests, 2) Plaintiffs did not meet their burden of demonstrating need for the protective order and NPC needs discovery, and 3) the scheduling order requires that the parties conclude all discovery in one phase before responding to the renewed motion for conditional certification.[2]

## II. APPLICABLE LAW

*Standard of Review*

Twenty-eight U.S.C. § 636(b)(1)(A) permits a district judge to, subject to certain exceptions not relevant here, "designate a magistrate judge to hear and determine any pretrial matter pending before the court." Furthermore, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Upon a timely objection to a magistrate judge's order, the district judge is instructed to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies only to factual findings made by the magistrate judge, while his legal conclusions [are] reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)). A legal conclusion is contrary to law when it "contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Steede v. Gen. Motors, LLC*, No. 11-2351-STA-dkv,

---

[2] NPC also avers that Judge Bryant employed an improper analysis when considering the motion for conditional certification in the companion *Gunn* case—an order that was withdrawn well before the Defendant's objections were filed. *See* R. & R. on Pls.' Second Mot. to Certify Class (D.E. 165) and Text Order Withdrawing R. & R. (D.E. 167), *Gunn v. NPC Int'l*, No. 13-1035 (W.D. Tenn. filed Jan. 30, 2013). As Defendant will have an opportunity to respond to the motion, objections related to conditional certification are OVERRULED as moot.

2012 WL 2089755, at *2 (W.D. Tenn. June 8, 2012); *see also* 32 Am. Jur. 2d Federal Courts § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

*FLSA Cases and Discovery*

Under Rule 26, parties requesting a protective order bear the burden of showing that the discovery sought would be "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Monsanto Co. v. Ralph*, No. 01-MC-1004, 2001 WL 35957201, at *2 (W.D. Tenn. May 10, 2001). However, the Sixth Circuit has stated that a party's relative need for discovery can also influence this inquiry:

> To justify restricting discovery, the harassment or oppression [of discovery] should be unreasonable, but discovery has limits and these limits grow more formidable as the showing of need decreases. Thus even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it.

*Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citing 8A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2036 (3d ed. 2012)). Discovery, however, may serve a slightly different function depending on the type of case, and FLSA cases are unique in structure. *See* 29 U.S.C. §§ 201-219. Courts in this and other circuits use a two-step approach to certifying FLSA cases. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). In this first stage, the court determines "whether the opt-in plaintiffs and lead plaintiffs were similarly situated. After the initial conditional certification of the class, the parties enter[] into discovery. At the second stage, the district court review[s] the evidence produced during discovery," and decides whether to certify or decertify the class. *Id.* at 583; *see*

*generally* Christopher C. Murray, *Beneath the Radar: The Seventh Circuit Quietly Overhauls FLSA Collective Action Litigation*, (March 1, 2013), http://www.ogletreedeakins.com/shared-content/content/blog/2013/march/beneath-the-radar-the-seventh-circuit-quietly-overhauls-flsa-collective-action-litigation (indicating that class discovery is not completed unless and until after conditional certification is granted). The conditional certification, also known as the notice period, is that which allows for the dissemination of Court-approved communications notifying potential opt-in plaintiffs of possible FLSA claims and providing instructions for opting into the litigation. *See, e.g.*, *Monroe v. FTS USA, LLC*, 257 F.R.D. 634 (W.D. Tenn. 2009) *aff'd*, 815 F.3d 1000 (6th Cir. 2016). This period routinely lasts several months, *see, e.g.*, *Beetler v. Trans-Foam, Inc.*, No. 5:11CV132, 2011 WL 6130805, at *5 (N.D. Ohio Dec. 8, 2011) (granting forty-five-day opt-in period), and logically cannot begin until *after* a Court grants conditional certification.

In *Monroe v. FTS USA, LLC*, the Sixth Circuit explained the function of discovery within the specific context of FLSA cases:

> Courts typically bifurcate certification of FLSA collective action cases. At the notice stage, conditional certification may be given along with judicial authorization to notify similarly situated employees of the action. *Once discovery has concluded*, the district court—with more information on which to base its decision and thus under a more exacting standard—looks more closely at whether the members of the class are similarly situated.

815 F.3d 1000, 1008 (6th Cir. 2016) (emphasis added). In an opinion from this district, the court explained that during the conditional certification stage, it "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield v. Source Broadband Servs., LLC*, No. 2:08-2092-JPM/DKV, 2008 WL 2697261, at *1 (W.D. Tenn. June 3, 2008). Instead, the goal is simply to determine whether the Plaintiffs are similarly situated. *O'Brien*, 575 F.3d at 584. Although conclusory declarations only alleging

that a defendant violated the FLSA are inadequate for this inquiry, *see O'Neal v. Emery Fed. Credit Union*, No. 1:13CV22, 2014 WL 6810689, at *8 (S.D. Ohio Dec. 3, 2014), affidavits providing some factual basis for establishing FLSA violations may be sufficient, *Anderson v. Perdue Farms, Inc.*, No. 106-CV-01000-MEF-WC, 2007 WL 4554002, at *1 (M.D. Ala. Dec. 20, 2007). Indeed, the leniency of plaintiffs' burden at this first procedural stage may render initial discovery unnecessary. *Brasfield*, 2008 WL 2697261, at *1; *see, e.g.*, *Alderoty v. Maxim Healthcare Servs., Inc.*, No. CIV.A. TDC-14-2549, 2015 WL 5675527 (D. Md. Sept. 23, 2015) (finding similarity in the plaintiffs' declarations probative to determining whether they were comparably situated); *Enkhbayar Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 563 (E.D. Va. 2006) (concluding that an affidavit suggesting a common policy affecting plaintiffs to be supportive in determining whether they were similarly situated).

### III. ANALYSIS

*The Named Plaintiffs*

The Court first addresses the issue of whether the magistrate judge committed clear error in not requiring the named Plaintiffs to answer the discovery requests. Plaintiffs requested a protective order only as to the opt-in Plaintiffs. (D.E. 138) ("Plaintiffs . . . move this Honorable Court for an Order granting a protective order against individualized discovery of opt-in Plaintiffs . . . ."). As Judge Bryant's order did not directly address discovery of the original Plaintiffs, this objection is not well taken and thus, is OVERRULED.

*Burden of Proof under Rule 26(c) and Defendant's Need for Discovery*

NPC next objects to Judge Bryant's order on the following grounds: 1) it needs discovery to respond to the motion for conditional certification; and 2) Plaintiffs did not meet their burden under Rule 26(c) of showing that individualized discovery of the opt-in Plaintiffs would have

been annoying, embarrassing, oppressive, or an undue burden or expense, such as to warrant a protective order. *See Serrano*, 699 F.3d at 901. In their motion, Plaintiffs argued that individualized discovery—especially at this stage—would defeat the policy and goals of the FLSA by delaying the proceedings and creating an undue burden. (D.E. 138-1 at 3-6.) They contend that this would thwart Congress's intent of providing an efficient collective legal mechanism for remedying wage violations. (*Id.* at 5.) Moreover, Plaintiffs point to the burdensome reality of responding to NPC's 2,380 discovery requests. Defendant seeks to obtain information "relating to [individual] Plaintiffs' alleged attendance at job training without pay, meetings without pay, and off-the-clock work" before it responds to the motion for conditional certification. (D.E. 164 at 7.)

In his order, Judge Bryant balanced the requirements of Rule 26(c) against the purpose and procedure of the FLSA. (D.E. 160 at 4.) He reviewed the request for the protective order in light of the two-part FLSA certification process, discussed *supra*, and explained that the conditional certification stage is for the specific purpose of providing to potential Plaintiffs notice and an opportunity to opt in. (*Id.*) It is not until after this period that a court conducts a more rigorous factual analysis of the case. The magistrate judge found that the discovery sought by NPC is "clearly directed toward second-stage arguments and [was] not necessary for the pre-conditional certification stage." (*Id.* at 5.) Given the already lengthy delays in this case, the low bar to conditional certification, and the potentially heavy burden of responding to NPC's individualized discovery requests of opt-in Plaintiffs, the Court finds that Judge Bryant's factual findings were not clearly erroneous and the legal conclusions were not contrary to law. Accordingly, Defendant's objections on this score are OVERRULED.

*The Scheduling Order*

Defendant next objects to what it argues was the magistrate judge's implicit failure to enforce the scheduling order pursuant to Rule 26(f) by granting the protective order and directing NPC to respond to the renewed motion for conditional certification before concluding discovery. Rule 16(b)(4) controls scheduling orders in cases such as this. Fed. R. Civ. P. 16(b)(4). A judge may modify a Rule 16(b) scheduling order for "good cause." *Id.* Good cause is defined as "the moving party's diligence in attempting to meet the case management order's requirements." *Moore v. Indus. Maint. Serv. of Tenn., Inc.*, 570 F. App'x 569, 577 (6th Cir. 2014) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

NPC asserts that the scheduling order impliedly required discovery to be handled in one wave, instead of in phases, and did not allow for the possibility of holding discovery in abeyance until the resolution of the motion for conditional certification. Defendant highlights the dates listed in the scheduling order to support the proposition that the parties intended to complete discovery before the deadline for the motion for conditional certification—i.e., deadline to complete all discovery: May 16, 2014; deadline to file a motion for conditional certification: June 16, 2014. NPC protests that Judge Bryant's ruling alters the scheduling order in a manner that is contrary to law and that would be prejudicial.

Entered on August 16, 2013, the scheduling order in this case is over three years old. (D.E. 53.) While it is clear, given the passage of time, that the deadlines referenced are no longer valid, the sequence of and time between events are still binding, absent good cause shown. The parties agreed that Plaintiffs would file their motion for conditional certification by June 16, 2014. (*Id.* at 2.) Discovery, in contrast, was to be completed by "May 16, 2014, *or*

*ninety (90) days after the close of the conditional certification period, whichever is later."*[3] (*Id.* at 3) (emphasis added). Thus, to trigger the discovery deadline, the Court first would have to rule on the conditional certification motion, and if granted, then set dates for the notice/opt-in period. This case has not yet reached that point; therefore, the discovery deadline logically cannot have already passed. The Court agrees with Defendant that no good cause has been shown to alter or amend the essential details of the scheduling order. (D.E. 164 at 4.) Nevertheless, NPC has not demonstrated that Magistrate Judge Bryant's order changed the scheduling order in any way. Accordingly, the Court OVERRULES Defendant's objections on this point.

*Alternate Relief*

The question remains how best to give effect to the intent of the parties as expressed in the text of the scheduling order and ensure that these five cases continue on their path towards resolution. The United States Supreme Court has stated explicitly that district courts have at their disposal many case management options. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Vested under Rule 26 and implemented through Rule 16, this authority includes the ability to "tailor discovery narrowly and to dictate the sequence of discovery." *Id.* "[J]udges," the Supreme Court has exhorted, "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Plaintiffs first requested conditional certification in April 2014. (D.E. 65.) This request was dismissed without prejudice due to NPC's pending appeal of the Court's denial of its motion to dismiss or to compel arbitration. (D.E. 112.) In November 2015, Plaintiffs again moved for

---

[3]The Court notes that in its objections, Defendant pointed to the deadlines for discovery and the motion for conditional certification to support its proposition. However, it is disingenuous at best for NPC to omit the crucial second half of the sentence contained in the scheduling order: "or ninety (90) days after the close of the conditional certification period, whichever is later." (D.E. 53 at 2.)

conditional certification, and that motion remains unresolved. (D.E. 137.) The Court finds that enough delays have been produced in this case. *See Gunn*, 625 F. App'x at 265 (stating that Defendant's actions support the conclusion that NPC has engaged in a campaign of "employing dilatory tactics and creating expense for the Plaintiffs"). No legally convincing argument has been made that discovery is needed at this juncture and, indeed, Plaintiffs have demonstrated that it would be inappropriate.

Accordingly, the Court GRANTS Plaintiffs' requested alternate relief to stay discovery until resolution of the motion for conditional certification. Defendant is hereby ORDERED to respond to the motion for conditional certification (D.E. 137) within thirty days of the entry of this order. No extensions shall be granted. In the event that conditional certification is granted and the magistrate judge's order on this motion is adopted by the Court, the parties are ORDERED to participate in a second scheduling conference within twenty-one days of the entry of the Court's order. This order shall set out in detail the deadlines for any discovery and for motions in relation to that discovery.

IT IS SO ORDERED this 22nd day of August, 2016.

                s/J. DANIEL BREEN
                CHIEF UNITED STATES DISTRICT JUDGE